Michael K. Blue (SBN 270471)
**THE BLUE LAW GROUP**
8599 Haven Avenue, Suite 201
Rancho Cucamonga, CA 91730
Phone (909) 945-0121
Facsimile (909) 945-2051
michael.blue@bluelawgroup.com

Attorneys for Plaintiff
DOMINIC RAY VARGAS

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

DOMINIC RAY VARGAS, an individual,

          Plaintiffs,

    vs.

COUNTY OF SAN BERNARDINO, a public entity; SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT, a public entity; JOHN McMAHON, an individual, and in his official capacity as San Bernardino County Sheriff, and; DOES 1-10, inclusive,

          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO.: 5:18-cv-00946-MWF

SECOND AMENDED COMPLAINT FOR DAMAGES

1. EXCESSIVE FORCE (42 USC § 1983);
2. EXCESSIVE FORCE—FAILURE TO TRAIN (42 USC § 1983);
3. EXCESSIVE FORCE—SUPERVISOR LIABILITY IN INDIVIDUAL CAPACITY;
4. EXCESSIVE FORCE – MUNICIPAL LIABILITY (42 USC § 1983);
5. ASSAULT;
6. BATTERY;
7. BATTERY BY PEACE OFFICER;
8. NEGLIGENCE;
9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
10. NEGLIGENT HIRING, TRAINING, AND RETENTION

DEMAND FOR JURY TRIAL

1

SECOND AMENDED COMPLAINT

COMES NOW Plaintiff, Dominic Ray Vargas (hereinafter "Plaintiff" or "PLAINTIFF") on behalf of himself, by and through his counsel of record, The Blue Law Group, on information and belief, and hereby complains, avers, and thereon alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction over the claims of this action, based on 28 U.S.C. §§1331, 1343, and 42 U.S.C. §1983, which confer original jurisdiction on US District Courts to address the deprivation of rights secured by Federal law. This Court has supplemental jurisdiction over the pendant claims pursuant to the laws of the State of California, because part of the same case or controversy under Article III of the United States Constitution, pursuant to 12 U.S.C. §1367.

2.     The venue is proper in this District, pursuant to 28 U.S.C. 1391(b) and (e), in that all parties reside in the Central District.

## THE PARTIES

3.     At all times relevant herein, PLAINTIFF was a resident of the County of San Bernardino, California.

4.     At all times relevant herein, Defendant COUNTY OF SAN BERNARDINO, (hereinafter "County" or "COUNTY") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California, and/or a municipality or political subdivision of the State of California.

2

SECOND AMENDED COMPLAINT

5. At all times relevant herein, Defendant SHERIFF'S DEPARTMENT FOR THE COUNTY OF SAN BERNARDINO (hereinafter "SBCSD") was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

6. At all times relevant herein, Defendant JOHN McMahon (hereinafter "McMahon" or "MCMAHON") was and is an officer, employee, and agent of the County, and is the Sheriff for the County of San Bernardino, California (i.e., SBCSD).

7. At all times mentioned herein, Defendants County, through its component departments, and McMahon, as sheriff of the SBCSD, ran, operated, trained, oversaw, administered, supervised, investigated, and were otherwise responsible for the conduct of SBCSD officers and employees, including acts and omissions of SBCSD officers, employees and agents and other SBCSD workers.

8. At all times relevant hereto, all DOE Defendants, and each of them, were acting within the course and scope of their employment as deputies, officers, detectives, sergeants, lieutenants, captains, commanders, deputy chiefs, chiefs and/or civilian employees of the SBCSD and/or a subdivision of the COUNTY and at all times were acting with permission and consent. DOE Defendants, and each of them, were specifically authorized by COUNTY and SBCSD to perform the duties and responsibilities of sworn officers of and for the COUNTY; and all acts hereinafter complained of were performed by them within the course and scope of their duties as officers and officials for said Defendant, and its police department, and are herein sued in

SECOND AMENDED COMPLAINT

their individual capacities and in their official capacities as officers, detectives, sergeants, lieutenants, captains, commanders, deputy chiefs, chiefs, supervisors, policy makers and/or as other employees of the SBCSD and COUNTY. Said Defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of the SBCSD and COUNTY.

9.      Plaintiff is ignorant of the true names and capacities of Defendants, sued herein as DOES 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of Court amend this complaint to allege said Defendants' true names and capacities when such are ascertained. Each reference in this Complaint to "Defendant," "Defendants," or a specifically named Defendant shall include reference to all Defendants, including fictitiously named Defendants, unless the context indicates otherwise.  Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

10.     At all times relevant herein, SBCSD police officers ("OFFICERS"), sued herein as DOES 1 through 10 were officers, sergeants, captains, commanders, lieutenants, and/or civilian employees supervisors and/or policy makers for the COUNTY, which employed

unlawful, organized and illegal customs and practices of excessive force. Said

misconduct was encouraged, tolerated and condoned by each of the Defendants.

11.     At all times relevant hereto, McMahon and DOES 1-10 were acting in the course

and scope of their employment as employees of COUNTY and SBCSD, and thus

COUNTY and SBCSD are also therefore liable for state law claims under the principle of

*respondeat superior* for said employees' tortious conduct pursuant to section 815.2 and

820(a) of the California Government Code.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

12.      Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and

incorporates the same herein by this reference as if those paragraphs were set forth in full

herein.

13.     On or about the evening of May 28, 2017, Plaintiff was operating a motor vehicle

in the vicinity of Parkside Drive and Parkdale Street in the County of San Bernardino

when he was pulled over by deputies of the San Bernardino County Sheriff's Department

(hereinafter "DOES 1-10").

14.     Shortly after being pulled over by DOES 1-10, those deputies ordered Plaintiff out

of the vehicle. In the process of being detained, Plaintiff was compliant with the demands

of DOES 1-10 and complied with all instructions.

15.     Despite Plaintiff's respectful and compliant nature, and without provocation or

justification, DOES 1-10 assaulted and battered Plaintiff, and used force in excess of

what was reasonable in the process of placing in handcuffs, including, but without limitation, the use of a Taser-type device on a complaint Plaintiff.

16.     As a result of these assaults and batteries committed upon Plaintiff by DOES 1-10, Plaintiff sustained bodily injuries, including, without limitation, to his jaw, right hand, chest, right knee, right leg, and left ear.

17.     Either shortly before, after, or concurrent with their inflicting the aforementioned injuries on Plaintiff, DOES 1 through 10 placed Plaintiff under arrest and transported Plaintiff to San Bernardino County Jail.

18.     At no time did DOES 1 through 10 inquire of Plaintiff if he required medical attention.

19.     Shortly after arrest and booking on May 28, 2017, and continuing through May 29, 2017, Plaintiff repeatedly requested medical attention for injuries sustained during the arrest.

20.     Plaintiff's repeated requests for medical referral were not heeded until late in the day of May 29, 2017, at which point Plaintiff was transported to Arrowhead Regional Hospital and provided medical care by the professionals at that institution.

21.     At Arrowhead Regional Hospital, Plaintiff was provided antibiotic ointment for the wounds created by the Taser-type device (where the barbs had pierced skin) and was provided with an X-ray of his jaw. The X-ray revealed, and Plaintiff was informed by

SECOND AMENDED COMPLAINT

hospital staff, that his jaw muscle joints were bruised and swollen, and resulted from the arrest of Plaintiff by DOES 1-10.

22.     Likewise, the balance of Plaintiff's injuries were determined by the staff to be the result of Plaintiff's arrest by DOES 1-10.

23.     At all times relevant herein, Defendants County, McMahon, and SBCSD were responsible for the training of all sheriff's deputies and other SBCSD personnel (the DOE defendants) in the proper application of force required in the performance of their duties. Defendant DOES 1-10 were trained by the County and SBCSD, at the direction, special insistence, and under the control of the County, McMahon, and the SBCSD, in the exercise of force, and in accord with the not only official policy of SBCSD, but with the statutes, ordinances, regulations, customs, and usages of the County and the State of California. Defendant SBCSD was also responsible for enforcing its internal regulations and ensuring that law enforcement personnel in its ranks obey the laws of the State of California and the United States of America.

24.     Defendants County, McMahon, and SBCSD, by and through their supervisory employees, officials, executives, agents, and representatives, have been on notice through complaints (both formal and informal) that its deputies have repeated engaged in a pattern & practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the County, McMahon, the SBCSD, and certain DOE defendants, and each of them, demonstrated deliberate

SECOND AMENDED COMPLAINT

indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the collective defendants amounts to an informal policy or custom, and ratification, said policy or custom so ratified being another proximate cause of Plaintiff's injuries.

25.     Plaintiff is informed and believes, and thereon alleges that at all times relevant Defendants County and McMahon each possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SBCSD, including those individuals charges with patrolling and policing the community, and to ensure that its employees and agents comply with the laws and constitutions of the United States and the State of California.

26.     Plaintiff is informed and believes, and thereon alleges that at all times relevant Defendants County and DOES 6-10 and each of them, had the duty and responsibility to ensure that their duties were carried out consistent with all the law of the United States and California, were charged with the responsibility of maintain the fitness and discipline of individual members of the SBCSD, including those individuals charged with patrolling and policing the community, of ensuring that individual members of the SBCSD, including those individuals charged with patrolling and policing the community, complied with the policies and procedures of the County and SBCSD, of ensuring that

SECOND AMENDED COMPLAINT

individual members of the SBCSD, including those individuals charged with patrolling and policing the community, were aware of the policies and procedures of the County and SBCSD, of ensuring that individual members of the SBCSD, including those individuals charged with patrolling and policing the community, were properly trained in the policies and procedures of the County and SBCSD, and of ensuring that individual members of the SBCSD, including those individuals charged with patrolling and policing the community, complied with all laws of the United States and the State of California.

27.     At all times mentioned herein, Defendant police officers/sheriff's deputies of the SBCSD employed and organized unlawful and illegal customs and practices of excessive force, and intentionally causing emotional distress upon members of the community. Plaintiff is informed and believes, and thereon alleges this misconduct was known by, encouraged, tolerated and/or condoned by Defendants County, McMahon and DOES 6-10.

28.     Plaintiff is informed and believes, and thereon alleges that at all times relevant the policy and custom for force maintained by the County and SBCSD was deficient. Plaintiff is further informed and believes, and thereon alleges at all times relevant these polices and/or customs amounted to deliberate indifference, causing Plaintiff harm as alleged herein. This deliberate indifference embedded in the policies and customs of the County and SBCSD were obvious such that the constitutional injury described herein was likely to occur. The obvious deficiency is demonstrated by, *inter alia*: the excessive force

alleged herein. As a direct and legal result, Plaintiff suffered injuries as alleged herein. Plaintiff is informed believes and thereon alleges that Defendants County and DOES 1 through 10, and each of them, had ample reason to know based upon complaints, claims for damages, similar incidents involving different victims of excessive force and like issues within the previous three years, *inter alia*, that the County's and SBCSD's officers and/or employees regularly engaged in the misdeeds set forth hereinabove, evidencing deliberate indifference to the obviously deficient policies, customs and protocol of excessive force maintained by the County and SBCSD.

29.     County and the SBCSD, by and through their supervisory employees and officials, have been on notice through complaints, both formal and informal, that its OFFICERS have repeatedly engaged in a pattern and practice of purposefully abridging the rights, constitutional and otherwise, of persons within their jurisdiction. Despite such notice, the County, SBCSD, and certain of the DOE Defendant OFFICERS, and each of them, demonstrated deliberate indifference to this pattern and practice of violations of rights by failing to take necessary, appropriate, or adequate measures to ensure the cessation of such conduct. This deliberate indifference of the Defendants amounts to an informal policy or custom, and ratification, said policy or custom ratified being another proximate cause of the injury of Plaintiff.

30.     On or about November 16, 2017, Plaintiff presented Defendants County and SBCSD with a claim for damages and losses sustained as a result of the incident

SECOND AMENDED COMPLAINT

described in this Complaint, pursuant to Cal. Gov. Code §§905, 911.2, and 915(a). Attached and incorporated herein as reference as Exhibit "A" is a true and correct copy of Plaintiff's claim for damages presented to Defendants County and SBCSD.

31.     On or about December 27, 2017, Defendant County rejected Plaintiff's claim in its entirety. Attached as Exhibit "B" and incorporated herein by reference is a true and correct copy of the notice by the County of denial of the claim.

**FIRST CAUSE OF ACTION**
**Excessive Force (42 U.S.C. § 1983)**
**(Against DOES 1-10)**

32.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

33.     This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

34.     On or before May 28, 2017, Plaintiff possessed the right, guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizures in the form of excessive use of force by police officers acting under the color of law.

35.     Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

36.     On or about May 28, 2017, Defendant DOES 1-5 violated Plaintiff's constitutional

SECOND AMENDED COMPLAINT

rights when they unlawfully, unreasonably, and without justification used excessive force by wounding Plaintiff as set forth above.

37.     Although the SBCSD sheriff's deputies that inflicted Plaintiffs injuries were DOES 1-5, DOES 6-10 aided and abetted DOES 1-5 in their use of excessive force and participated in the excessive force against Plaintiff that resulted in Plaintiff's injuries.

38.     The use of excessive force against Plaintiff by DOES 1-10 was entirely unjustified by any actions of Plaintiff and was thus an unreasonable and excessive use of force.

39.     DOES 1-10 subjected Plaintiff to the aforementioned deprivations by either actual malice, deliberate indifference, or a reckless disregard for the rights of Plaintiff under the Federal Constitution.

40.     DOES 1-10 acted at all relevant times knowing full well that the established practices, customs, procedures, and policies of the County and SBCSD would allow a "cover-up" and permit the continued use of unlawful force, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of California.

41.     As a direct and proximate result of the acts herein alleged, Plaintiff suffered severe bodily injury and damages to be proven at trial. Plaintiff has suffered several bodily injuries, including, without limitation, injury to his back, neck, jaw, hand, and chest, with continuing pain and suffering to his body and psyche.

SECOND AMENDED COMPLAINT

42.     As a further direct and proximate result of the forgoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

43.     Plaintiff is also entitled to recovery reasonable costs and attorney fees under 42 U.S.C. §1988.

44.     As a direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

45.     The aforementioned acts of DOES 1-5 were willful, wanton, malicious, and oppressive, and justify the award of exemplary punitive damages as against them.

## SECOND CAUSE OF ACTION
### Excessive Force—Failure to Train Under 42 U.S.C. § 1983 (*Monell* Claim)
### (Against County)

46.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

SECOND AMENDED COMPLAINT

47.      This cause of action is brought pursuant to 42 U.S.C. § 1983, with Plaintiff seeking to redress a deprivation under color of law of a right, privilege or immunity secured to Plaintiff, respectively, by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

48.      Defendant McMahon and DOES 6-10 violated Plaintiff's constitutional rights, as alleged above, by among other things, failing to train as follows:

49.      Plaintiff is informed, believes and thereon alleges that each of DOES 1-10 with the County and SBCSD regularly engage in the misdeeds set forth above.

50.      Plaintiff is informed believes and thereon alleges that Defendants County, McMahon and DOES 1 through 10, and each of them, had ample reason to know based upon complaints, claims for damages, similar incidents involving different victims of excessive force within the previous three years, *inter alia*, that the COUNTY's and SBCSD's officers and/or employees regularly engaged in the misdeeds set forth hereinabove.

51.      Plaintiff is informed and believes and thereon alleges that Defendants McMahon and DOES 6 through 10, and each of them, have failed to properly train their respective employees, officers, subordinate officers, managers and supervisors as to the legal requirements and protections applicable to persons set forth in the United States and California Constitutions, and other laws set forth in this complaint; and that such training policies of the SBCSD (and McMahon) were not adequate to train its officers/deputies to

SECOND AMENDED COMPLAINT

handle the usual and recurring situations with which they must deal, and as occurred in connection with PLAINTIFF;

52.     Plaintiff is informed and believes, and thereon alleges Defendants MCMAHON and DOES 6-10, and each of them in their individual (and official) capacities, had the duty, *inter alia*:

    a.  to train, supervise and instruct officers, deputies, and agent and employees of the County and SBCSD in the application of, *inter alia*, proper force in connection with an arrest as to ensure the County and officers of the SBCSD respected and did not violate the constitutional and statutory rights of members of the community in and around the County of San Bernardino;

    b.  to objectively investigate:

        i.  whether mechanisms of effecting arrest of members of the community employed by officers of the SBCSD complied with appropriate protocols, or;

        ii.  the failure to periodically monitor the quality of medical care, attention and treatment provided to injured inmates and arrestees, or;

        iii.  the failure to comply with the statutory guidelines and regulations enacted for the protection of persons held in custodial setting;

        iv.  to discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights

of members of the community, by not condoning, ratifying and/or

encouraging the violation of the constitutional rights of Plaintiff

members of the community at large.

53.    Defendants McMahon and DOES 6-10, and each of them in their individual (and

official) capacities, breached said duties by, *inter alia*:

      a.    failing to train, supervise and instruct officers, deputies and agent and

          employees of the County and SBCSD in the application of, *inter alia*,

          vehicular pursuit protocol, PIT maneuvers and mechanisms of arrest as to

          ensure the County and officers of the SBCSD respected and did not violate

          the constitutional and statutory rights of members of the community in and

          around the city of Colton

      b.    failing to investigate:

          i.    whether mechanisms of effecting arrest of members of the

              community employed by officers of the SBCSD complied with

              appropriate protocols, or;

          ii.    the failure to periodically monitor the quality of medical care,

              attention and treatment provided to injured inmates and arrestees, or;

          iii.    the failure to comply with the statutory guidelines and regulations

              enacted for the protection of persons held in custodial setting;

SECOND AMENDED COMPLAINT

      iv.   to discipline and to establish procedures to correct past violations, and to prevent future occurrences of violation of constitutional rights of members of the community, by not condoning, ratifying and/or encouraging the violation of the constitutional rights of Plaintiff members of the community at large.

54.    Plaintiff is further informed and believes and thereon alleges that Defendants McMahon and DOES 6 through 10, and each of them in their personal (and official) capacities, have failed to properly supervise and control the actions of their respective employees, officers, subordinate officers, managers and supervisors as to the legal requirements and protections applicable to persons set forth in the United States and California Constitutions, and other laws set forth in this complaint.

55.    Plaintiff alleges that these failures are the result of deliberate indifference on the part of Defendants County and DOES 1 through 10, by each of them and through their decision makers and subordinates, as to the rights of citizens and the obvious consequences of the failure to train the SBCSD's officers/deputies adequately.

56.    The foregoing unconstitutional failures to train were a direct and legal cause of harm to Plaintiff; and said defendants' failure to rain is so closely related to the deprivation of PLAINTIFF'S RIGHTS as to be the moving force that caused the ultimate injury.

57.     Plaintiff specifically alleges Defendants' failure train, as described above, were within each of their control and within Defendants' feasibility to alter, adjust and/or correct so as to prevent some or all of all of the unlawful acts and injuries complained of above by Plaintiff.

58.     As a direct and legal result of the acts alleged hereinabove, Plaintiff suffered severe bodily injury and emotional distress.

59.     Plaintiff has been damaged as a legal result of the aforesaid acts and omissions in an amount to be shown according to proof at trial.

60.     As a direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

61.     The aforementioned acts Defendants McMahon and DOES 6 to 10 were willful, wanton, malicious, and oppressive and justify the award of exemplary or punitive damages as against McMahon and DOES 6 through 10.

//

//

SECOND AMENDED COMPLAINT

## THIRD CAUSE OF ACTION
### Excessive Force—Supervisor Liability In Individual Capacity Under 42 U.S.C. § 1983
### (Against McMahon and DOES 6-10)

62.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein (particularly those paragraphs alleged under the Second Cause of Action)

63.    McMahon and DOES 6-10 were the supervisors of the subordinate Defendants DOES 1-5 who were involved in the application of excessive force against Plaintiff as alleged hereunder, and who at all times relevant herein acted under color of state law.

64.    The subordinate Defendants DOES 1-5 who were involved in the application of excessive force against Plaintiff as alleged hereunder that deprived PLAINTIFF of his rights to be free of unreasonable seizure and unreasonable excessive force in connection with that seizure, as guaranteed under, *inter alia*, the Fourth and Fourteenth Amendments to the United States Constitution (hereinafter sometimes referred to as "RIGHTS").

65.    McMahon and DOES 6-10:

    a.  directed DOES 1-5 in said act(s) that deprived the PLAINTIFF of RIGHTS; and/or

    b.  set in motion a series of acts by DOES 1-5 or knowingly refused to terminate a series of acts by DOES 1-5 that McMahon and DOES 6-10 knew or reasonably should have known would cause DOES 1-5 to deprive the PLAINTIFF of RIGHTS; and/or

SECOND AMENDED COMPLAINT

c.  McMahon and DOES 6-10 knew that DOES 1-5 were engaging in these acts and knew or reasonably should have known that the subordinates' conduct would deprive the PLAINTIFF of these RIGHTS **and** the McMahon and DOES 6-10 failed to act to prevent DOES 1-5 from engaging in such conduct; and /or

d.  McMahon and DOES 6-10 disregarded the known or obvious consequence that a particular training deficiency or omission would cause DOES 1-5 to violate the PLAINTIFF'S RIGHTS **and** that said deficiency or omission actually caused DOES 1-5 to deprive the PLAINTIFF of RIGHTS; and/or

e.  McMahon and DOES 6-10 engaged in conduct that showed a reckless or callous indifference to the deprivation by DOES 1-5 of the rights to others;

66.   **And** McMahon and DOES 6-10's conduct was so closely related to the deprivation of the PLAINTIFF'S RIGHTS as to be the moving force that caused the ultimate injury.

67.   As a direct, legal, and proximate cause of the acts alleged hereinabove, PLAINTIFF suffered severe bodily injury and emotional distress.

68.   As a direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem

SECOND AMENDED COMPLAINT

within the community, emotional pain, and mental anguish and as a result has lost

weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression,

nervousness, hyperventilation, insomnia, and the like.

69.     The aforementioned acts of said defendants were willful, wanton, malicious, and

oppressive, and justify the award of exemplary punitive damages as against them.

### FOURTH CAUSE OF ACTION
**Excessive Force – Municipal Liability Under 42 U.S.C. § 1983 (*Monell* Claim)**
**(Against County)**

70.     Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and

incorporates the same herein by this reference as if those paragraphs were set forth in full

herein.

71.     At all relevant times, DOES 1-10 were agents and employees of Defendant

COUNTY, and were carrying out the acts alleged above while acting under the color of

law, regulations, customs and usages of the COUNTY.

72.     Defendant COUNTY maintained an unconstitutional custom, policy or practice,

within the meaning *of Monell v. Department of Social Services of the County of New*

*York,* 436 U.S. 658 (1978) ("Monell"), of detaining and arresting individuals with use of

excessive and deadly force and depriving persons of life, liberty and property. Defendants

also maintained an unconstitutional force policy regarding the use of alternative force.

Defendants COUNTY and DOES 1 through 10, and each of them, had ample reason to

know based upon complaints, claims for damages, similar incidents involving different

21

SECOND AMENDED COMPLAINT

victims of excessive force within the previous three years, *inter alia*, that the COUNTY's officers and/or employees regularly engaged in similar misdeeds as described hereinabove.

73.     Defendants either knew or had constructive knowledge that it should arm and train its law enforcement personnel in the use of alternative force (e.g., Taser-like devices, pepper spray, pepper ball or bean bag guns, etc.).

74.     The unconstitutional policy and refusal to adequately train officers in the use of force, was a direct cause of Plaintiff's injury in this matter.

75.     The unconstitutional policy and refusal to adequately supervise officers in the use of force was a direct cause of Plaintiff's injury in this matter.

76.     At the time of the excessive use of force against Plaintiff, COUNTY had in place and had ratified policies, procedures, customs and practices by which the COUNTY would not discipline prosecute or in any reasonable way take corrective or responsive action to known incidents and/or complaints of excessive force.

77.     More clearly, Defendants McMahon, County, and SBCSD engaged in **a policy of no training whatsoever** as to the use of force, including training on the use of firearms and tasers.

78.     Similarly, other than confirming attendance at work, mileage of government vehicles, reimbursement for meals, and officer/deputy attendance at court, Defendants McMahon, County, and SBCSD engaged in **a policy of no supervision whatsoever**

(hereinafter "POLICY") as to the how and when to use force, counseling and/or training of the use of force, determining which officers engaged in the use of force, following up on any officer engagement in the use of force, the use of deadly and nondeadly weapons and training thereon, the counseling/training on how to make lawful arrests and how to avoid unlawful arrests, and the like.

79.     Defendants McMahon, County, and SBCSD were all aware of the foregoing POLICY and sanctioned it, tolerated it, and ratified it by the continuing knowledge of it and the continuing commitment to keep it intact while ensuring no changes were made to it whatsoever.

80.     The acts or omissions of Defendants, and each of them, as alleged above regarding the use of excessive force were either: 1) caused by inadequate and arbitrary training supervision, or discipline by the COUNTY; 2) caused by deliberate indifference of the COUNTY; 3) consistent with and done pursuant to a custom or *de facto* policy of the COUNTY, or; 4) ratified by the final decision makers of the COUNTY.

81.     The foregoing acts, omissions and systematic deficiencies are policies and customs of the COUNTY, and as such cause the COUNTY's law enforcement officers to believe that excessive use of force, against a detainee or citizen is permissible and that such misconduct would not be honestly and properly investigated, all with the foreseeable result that the COUNTY's officers would engage in violation of civil rights of citizens and residents of this state.

82.    As a direct and proximate result of Defendants' deprivations and violations of Plaintiff's constitutional rights, Plaintiff has suffered general and special damages according to proof at the time of trial.

83.    As a further direct and proximate result of the forgoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

84.    Plaintiff is also entitled to recovery reasonable costs and attorney fees under 42 U.S.C. §1988.

85.    As a direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

86.    In committing the acts described above, Plaintiff is informed and believes that Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against those defendants, in an amount according to proof at time of trial.

## FIFTH CAUSE OF ACTION
### Assault
### (Against County, SBCSD, and DOES 1-10)

87.    Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

88.    As alleged in detail above, on or about May 28, 2017, Defendants DOES 1-5, and each of them, assaulted Plaintiff by engaging in actions that intended to harm him, in response to which Plaintiff reasonably believed that he would be harmed and was thereafter in fact harmed.

89.    DOES 6-10 aided and abetted DOES 1-5 in the commission of their illegal acts as alleged above and thus DOES 6-10 are equally liable for those unlawful acts.

90.    Specifically, Defendants DOES 1-10, detained and arrested plaintiff, and in the process therein, concurrently assaulted Plaintiff as alleged, in such a manner that reasonably caused Plaintiff to fear that he would be harmed (and, in fact, was unreasonably harmed).

91.    As a direct and proximate result of the intentional acts described hereinabove, Plaintiff has been generally and specially damaged in a sum to be established according to proof at the time of trial, as provided in Cal. Code of Civ. Proc. §§425.10 and 425.11.

92.    As a further direct and proximate result of the intentional acts described hereinabove, Plaintiff has suffered severe bodily injuries including, without limitation, his back, neck, jaw, hand, and chest, which has resulted in a need for medical care, and

continuing pain and suffering to his body and psyche. Moreover, as another direct and proximate result of the forgoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

93.     As an additional direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF has suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

94.     The wrongful acts and conduct of such Defendants, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as provided by Cal. Code of Civ. Proc. §337.34.

95.     On the basis of the foregoing, Defendants County and SBCSD are vicariously liable for the wrongful acts of Defendants, and DOES 1-10, pursuant to Cal. Gov. Code §§ 815.2 and 820(a) which provides that a public entity is liable for the injuries caused by

its employees within the scope of the employment if the employees acts would subject

that employ to liability.

## SIXTH CAUSE OF ACTION
### Battery (California Civil Code Section 43)
### (Against County, SBCSD, and DOES 1-10)

96.    Plaintiff re-alleges and incorporates the allegations contained in the preceding

paragraphs of this complaint, as though fully set forth herein.

97.    With respect to the acts hereinabove set forth, Defendants DOES 1-5 had a duty to

exercise reasonable care and reasonable force in connection with the stopping, seizing,

and arresting of Plaintiff.

98.    In committing the acts alleged hereinabove, Plaintiff was violently, wrongfully,

and intentionally battered by Defendants DOES 1-5, and each of them, as alleged in such

a way as to exercise unreasonably and excessive force and thereby unreasonably injuring

Plaintiff with an unlawful intent to inflict serious bodily injury—in violation of

Defendants DOES 1-5's duty to exercise reasonable care and reasonable force.

99.    Specifically, as alleged in detail above, on or about May 28, 2017, Defendants

DOES 1-5 intentionally acted in such a way as to injure Plaintiff as alleged herein, while

DOES 6-10 aided and abetted DOES 1-5 in the commission of their illegal acts as

alleged, and thus DOES 6-10 are equally liable for those unlawful acts.

100.    At all times relevant herein, Defendants DOES 1- 10 were acting in the course and

scope of their employment as peace officers and employees of County and/or SBCSD,

SECOND AMENDED COMPLAINT

which are liable under principles of *respondeat superior* for said employees of the County and/or SBCSD, and which are liable for their employees' tortious conduct pursuant to section 815.2 and 820(a) of the California Government Code.

101.    It should be noted that Defendants had ample time to deliberate before using unreasonable and excessive force during the arrest and subsequent injuring of Plaintiff.

102.    To be sure, a reasonable law enforcement safety officer would not have acted in the way as alleged herein (e.g., using the substantial physical force used herein), and wounding Plaintiff under the same circumstances. This is particularly true because at the time of detention and arrest, Plaintiff was compliant with commands, posed no real, immediate, or significant threat of death or serious bodily injury to the Defendants or the public. Furthermore, Plaintiff was not inherently dangerous when Plaintiffs inflicted injury on Plaintiff, and there existed no need to use a Taser-like device, or excessive force to subdue a compliant Plaintiff.

103.    As a result, the use of arbitrary, unnecessary, and excessive force in detaining and arresting Plaintiff was an excessive use of such force, and objectively unreasonable under the circumstances.

104.    Plaintiff did not consent to the use of that force both prior to and during the time in which Plaintiff sustained injuries as hereinabove alleged.

105.    The actions of Defendants also aroused fear in the person of Plaintiff and were against his will. In committing the acts hereinabove described, Defendants subjected

SECOND AMENDED COMPLAINT

Plaintiff to unreasonable harm to his person, in violation of California Civil Code Section 43.

106.    As a direct and proximate result of the intentional acts described hereinabove, Plaintiff has suffered severe bodily injuries including, without limitation, his back, neck, jaw, hand, and chest, which has resulted in a need for medical care, and continuing pain and suffering to his body and psyche.

107.    As a further direct and proximate result of the forgoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger. As an additional direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF has suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

108.    The wrongful acts and conduct of DOES 1-10, as set forth above, were conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling

SECOND AMENDED COMPLAINT

Plaintiff to an award of exemplary damages as provided by Cal. Code of Civ. Proc. §337.34.

109.    The County and the SBCSD are vicariously liable for the wrongful acts of Defendants, and DOES 1-10, pursuant to Cal. Gov. Code §§ 815.2 and 820(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees acts would subject that employ to liability.

## SEVENTH CAUSE OF ACTION
### Battery by Police Officer
### (Against County, SBCSD, and DOES 1-10)

110.    Plaintiff repeats and re-alleges all prior paragraphs of this Complaint and incorporates the same herein by this reference as if those paragraphs were set forth in full herein.

111.    With respect to the acts hereinabove set forth, Defendants DOES 1-5 had a duty to exercise reasonable care and reasonable force in connection with the stopping, seizing, and arresting of Plaintiff.

112.    In committing the acts alleged hereinabove, Plaintiff was violently, wrongfully, and intentionally battered by Defendants DOES 1-5, and each of them, as alleged in such a way as to exercise unreasonably and excessive force and thereby unreasonably injuring Plaintiff with an unlawful intent to inflict serious bodily injury—in violation of Defendants DOES 1-5's duty to exercise reasonable care and reasonable force.

113.    Defendants DOES 1-5 intentionally acted in such a way as violate their duty to

SECOND AMENDED COMPLAINT

exercise reasonable care and reasonable force, which resulted in the injuring of Plaintiff as alleged herein, while DOES 6-10 aided and abetted DOES 1-5 in the commission of said illegal acts as alleged, and thus DOES 6-10 are equally liable for those unlawful acts.

114.    At all times relevant herein, Defendants DOES 1- 10 were acting in the course and scope of their employment as peace officers and employees of County and/or SBCSD, which are liable under principles of *respondeat superior* for said employees of the County and/or SBCSD, and which are liable for their employees' tortious conduct pursuant to section 815.2 and 820(a) of the California Government Code.

115.    Furthermore, Plaintiff was not inherently dangerous when Plaintiffs inflicted injury on Plaintiff, and there existed no need to use a Taser-like device, or excessive force to subdue a compliant Plaintiff.

116.    To be sure, a reasonable law enforcement safety officer would not have acted in the way as alleged herein (e.g., using the substantial physical force used herein), and wounding Plaintiff under the same circumstances because at the time Plaintiff was taken into custody: (a) Plaintiff was compliant with officer commands; (b) Plaintiff posed no real, immediate, or significant threat of death or serious bodily injury to the Defendants or the public; (c) the severity and exigency of the alleged crime at issue had subsided and Plaintiff was not inherently dangerous at the time Defendants caused Plaintiff's injuries; (d) there existed no need to use a Taser-like device, or excessive force to subdue a compliant Plaintiff; and (e) there were several alternative means of responding to the

situation without using deadly force.

117.   As a result, the use of force by Defendants DOES 1-5 was excessive and objectively unreasonable under the circumstances.

118.   Both prior to and during the time in which Plaintiff sustained his injuries as alleged hereinabove, Plaintiff did not consent to the use of force used upon him.  The actions of Defendants also aroused fear in the person of Plaintiff and was against his will. In committing the acts described above, Defendants subjected Plaintiff to unreasonable harm to his person, in violation of California law.

119.   As a direct and legal result of the acts alleged above, Plaintiff suffered severe bodily injury and damages to be proven at trial. Plaintiff has suffered severe bodily injuries including, but not limited to, injury to his back, neck, jaw, hand, and chest.

120.   As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, tearfulness and anger.

121.   As a further direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF has suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of

SECOND AMENDED COMPLAINT

anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

122.    The County and the SBCSD are vicariously liable for the wrongful acts of Defendants, and DOES 1-10, pursuant to Cal. Gov. Code §§ 815.2 and 820(a) which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees acts would subject that employ to liability.

123.    The wrongful acts and conduct of DOES 1-10, as heretofore set forth, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff, entitling Plaintiff to an award of exemplary damages as against DOES 1-10.

**EIGHTH CAUSE OF ACTION**
**Negligence**
**(Against County, SBCSD, and DOES 1-10)**

124.    Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs of this complaint, as though fully set forth herein.

125.    Defendants DOES 1-5 owed a duty of care to Plaintiff, including a duty to exercise discretion and use reasonable force, if any force at all was required, in detaining and arresting Plaintiff. However, Defendants DOES 1-5 failed in this duty of care when they instead opted to engage in the use of unreasonable and excessive force—particularly unreasonable on the basis Plaintiff was being compliant and non-threating, and thus little or no force would have been reasonable (which was not what happened as hereinabove set forth in greater detail).

SECOND AMENDED COMPLAINT

126.   As hereinabove described, Defendants DOES 1-5 intentionally acted in such a way as to injure Plaintiff through the use of substantial physical force, and therefore deprive Plaintiff of his constitutional rights to be free of such force, while DOES 6-10 aided and abetted DOES 1-5 in the commission of their illegal acts as alleged, and thus DOES 6-10 are equally liable for those unlawful acts.

127.   The County and SBCSD are similarly vicariously liable for the wrongful acts of Defendants DOES 1-10 pursuant to Cal. Gov. Code §§ 815.2 and 820(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees acts would subject that employ to liability.

128.   With respect to the force relevant herein, it cannot go unnoticed that a reasonable law enforcement safety officer would not have utilized the substantial physical force enlisted by Defendant DOES 1-5 (and aided and abetted by Defendants DOES 6-10) as alleged herein—which resulted in the substantial wounding of Plaintiff. This is particularly true because, *inter alia*, at the time of detention and arrest, Plaintiff was compliant with commands, posed no real, immediate, or significant threat of death or serious bodily injury to the Defendants or the public. Furthermore, Plaintiff was not inherently dangerous when Plaintiffs inflicted injury on Plaintiff, and there existed no need to use a Taser-like device, or excessive force to subdue a compliant Plaintiff.

129.   On the basis of the foregoing, it is clear that in committing and/or permitting the acts heretofore described, Defendants DOES 1-10 engaged in careless and reckless

behavior, and/or otherwise failed to meet their duties of care (non-delegable and otherwise) they owed to Plaintiff.

130.    As a direct and proximate result of the careless acts hereinabove described, Defendants' unreasonable and excessive force was used in such a way as to injure Plaintiff as alleged herein, which included, without limitation, injuries to Plaintiff's back, neck, jaw, hand, and chest, which has resulted in a need for medical care, and continuing pain and suffering to Plaintiff's body and psyche.

131.    As a further direct and proximate result of the forgoing, Plaintiff additionally suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger. As a further direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF has suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression, nervousness, hyperventilation, insomnia, and the like.

## NINTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against County, SBCSD, and DOES 1-10)

132.    Plaintiff re-alleges and incorporates the allegations contained in the preceding

paragraphs of this complaint, as though fully set forth herein.

133.    The above-described acts of Defendants DOES 1-5, and each of them, were outrageous, intentional, unlawful, malicious and committed for the express purpose of causing Plaintiff to suffer increased mental anguish and emotional and physical distress, or with reckless disregard for the probability of causing emotional distress and represented conduct which goes beyond all possible bounds of decency.

134.    DOES 6-10 aided and abetted DOES 1-5 in the commission of their illegal acts as alleged above and thus DOES 6-10 are equally liable for those unlawful acts.

135.    At all times relevant herein, Defendants DOES 1- 10 were acting in the course and scope of their employment as peace officers and employees of County and/or SBCSD, which are liable under principles of *respondeat superior* for said employees of the County and/or SBCSD, and which are liable for their employees' tortious conduct pursuant to section 815.2 and 820(a) of the California Government Code.

136.    As a direct and proximate result of the acts described hereinabove, Plaintiff has suffered severe and serious emotional distress and damages in an amount to be proven at trial.

137.    As a direct, foreseeable, and proximate result of the alleged wrongful and unlawful conduct, PLAINTIFF suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem

SECOND AMENDED COMPLAINT

within the community, emotional pain, and mental anguish and as a result has lost

weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression,

nervousness, hyperventilation, insomnia, and the like.

138.    Plaintiff is informed and believes, and thereon alleges Defendants intended to

cause Plaintiff emotional distress.  Defendants' conduct was a substantial factor in

causing Plaintiff's severe emotional distress.

139.    The foregoing acts by Defendants have been and continue to be done with

oppression, fraud and malice, with the intention of depriving Plaintiff of his personal

liberty, property and legal rights otherwise causing injury, and such actions were

despicable conduct that subjected Plaintiff to unjust hardship in conscious disregard to

Plaintiff's rights such that Plaintiff is entitled to recover punitive and exemplary damages

in addition to all actual and statutory damages to which he is entitled.

### TENTH CAUSE OF ACTION
**Negligent Hiring, Training, and Retention**
**(as against County, SBCSD, MCMAHON, and DOES 6-10)**

140.    Plaintiff re-alleges and incorporates the allegations contained in the preceding

paragraphs of this complaint, as though fully set forth herein.

141.    Defendants McMahon and DOES 6-10 had a duty to exercise reasonable care in

connection with the hiring, supervising, training, and retention of Defendants DOES 1-5

as said Defendants McMahon and DOES 6-10 were employees, managers, supervisors,

and/or agents of Defendants County and/or SBCSD and had hired Defendants DOES 1-5.

SECOND AMENDED COMPLAINT

142.   Prior to the hiring of Defendants DOES 1-5, said defendants had a professional background that lacked qualifications to be hired as an officer/deputy. As such, as part of their duty of care in connection with hiring, supervising, training, and retention of employees of County and SBCSD, Defendants McMahon and DOES 6-10 should not have hired any of the individual Defendants DOES 1-5, yet did so anyway.

143.   Defendants McMahon and DOES 6-10 had a duty to prevent and stop acts as alleged herein as part of their duty to exercise reasonable care in connection with the hiring, supervising, training, and retention of employees of County and SBCSD. More clearly, Defendants McMahon and DOES 6-10 breached the foregoing duty by failing to hire, train, discipline, and provide (i.e., hire and retain) <u>competent</u> supervisors, make and enforce rules, give proper and effective orders and discipline, direction, and training, select and employ appropriate persons, and select, train, and supervise employees and agents with due care.

144.   Defendants McMahon and DOES 6-10 had this foregoing duty yet failed in that duty to, *inter alia*, instruct their agents and employees to refrain from such acts as alleged herein; unreasonably failed to adopt rules, policies, and regulations designed to prevent such acts as alleged herein; unreasonably employed persons they knew, or should have known, to be engaged in such acts as alleged herein; failed to properly supervise its employees to prevent these unlawful acts from occurring; stood by and took no effective action when they knew, or should have known, the subject acts were occurring; failed to

prevent these acts when they could have reasonably been prevented; authorized, encouraged, and then ratified the acts complained of herein.

145.    As part of the foregoing duty, Defendants McMahon and DOES 6-10 had an obligation and failed in that obligation to instruct their agents and employees to refrain from schemes in perpetrating such acts as alleged herein; unreasonably failed to adopt rules, policies, and regulations designed to prevent such acts as alleged herein from occurring; unreasonably employed persons they knew, or should have known, to be engaged in such acts as alleged herein; failed to properly supervise its employees to prevent these illegal acts from occurring; stood by and took no effective action when they knew, or should have known, such acts were occurring; failed to prevent such acts when they could have reasonably been prevented; authorized, encouraged, and then ratified the acts complained of herein.

146.    Defendants McMahon and DOES 6-10, separately and in concert, acted negligently and with reckless disregard and callous indifference, and such negligence served to deprive Plaintiff of his rights and privileges.

147.    At all times relevant herein, Defendants McMahon and DOES 6-10 were negligent/careless in supervising the conduct of the individual Defendants DOES 1-5 because they failed in their duty of due care as to such supervision, resulting in serious and severe physical and emotional injury to Plaintiff.

148.     Specifically, on or before May 28, 2017, Defendants McMahon and DOES 6-10 had a duty to use care and failed in that duty in connection with the hiring, training, supervising, employing and/or managing all individual DOES 1-5 while said Defendants McMahon and DOES 6-10 engaged in the refusal to and careless training of SBCSD and County personnel (including DOES 1-5) in techniques and policies of proper arrest, investigation, and imprisonment of arrestees, so that they did not deprive innocent persons of their liberty.

149.     On or before May 28, 2017, Defendants McMahon and DOES 6-10 knew, or in the exercise of reasonable diligence should have known, that all DOES 1-5 were unskilled and unqualified to detain and arrest civilians, acting with callous disregard for the rights and safety of the general population.

150.     Defendants DOES 1-5 were and became even more unfit for their positions to perform the work for which they were hired, as evidenced by the outrageous, severe, and pervasive conduct alleged herein.

151.     Defendants McMahon and DOES 6-10 knew or should have known Defendants DOES 1-5 were and became even more unfit for the positions in connection with the performance of the work for which they were hired and that this unfitness created a particular risk to others. Nevertheless, Defendants McMahon and DOES 6-10 created and maintained a policy, custom, and practice to continue to employ and utilize subpar

SECOND AMENDED COMPLAINT

performing and unfit Defendants DOES 1-5, resulting in the violations of law and Plaintiff's injury as complained of hereunder.

152.    Despite the foregoing unfitness, Defendants McMahon and DOES 6-10 negligently/carelessly and recklessly hired, employed, supervised, disciplined, and trained their managers, supervisors, directors, employees, vendors, service providers, and agents who failed to prevent or timely stop the acts alleged herein by Defendants DOES 1-5.

153.    Defendants McMahon and DOES 6-10 had actual and constructive notice of: these complained of acts; prior wrongful acts against others who complained of similar unlawful events, conditions and practices; Defendants McMahon and DOES 6-10's prior negligent/careless and reckless failure to prevent and timely stop such conduct; and Defendants McMahon and DOES 6-10's negligent/reckless failure to take effective action to prevent the complained of acts alleged hereunder.

154.    All unlawful actions of Defendants DOES 1-5, as herein alleged, were known or should have been known, ratified, and/or approved by Defendants McMahon and DOES 6-10; additionally, such hiring, training, and supervision by Defendants McMahon and DOES 6-10 were far below the standard of care required of the same, which then directly led to the unlawful actions complained of herein; and for this reason, *inter alia*, Defendants County and/or SBCSD are vicariously liable on the basis of Government Code Sections 815, 815.2, and 820(a), and the provisions of *respondeat superior* produced therefrom.

155.    With respect to the unlawful actions of Defendants DOES 1-5 (e.g., unreasonably and excessive physical force), as herein alleged, it is notable that Defendants McMahon and DOES 6-10, aided and abetted, encouraged and rendered substantial assistance in accomplishing the wrongful conduct and their wrongful goals and other wrongdoing

complained of herein. Indeed, in taking no or substandard action, as particularized herein, to prevent known (or should have been known) unlawful conduct by Defendants DOES 1-5, Defendants McMahon and DOES 6-10 did aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, and each of the foregoing defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

156.   The unlawful acts complained of herein (including Defendant DOES 1-5 unfitness), did directly and proximately cause economic injury and damage to PLAINTIFF, and Defendants McMahon and DOES 6-10's failure to meet their duty of care in connection with hiring, supervising, and/or retention of Defendants DOES 1-5 was a substantial factor in causing PLAINTIFF'S harm.

157.   As a direct and proximate result of the heretofore unlawful acts, including the careless acts of Defendants McMahon and DOES 6-10 in connection with the breach of their duty of care as described hereinabove, Plaintiff suffered severe bodily injuries including, without limitation, his back, neck, jaw, hand, and chest, which has resulted in a need for medical care, and continuing pain and suffering to his body and psyche.

158.   As a further direct and proximate result of the heretofore unlawful acts, PLAINTIFF has suffered losses in earnings, loss of career opportunities, and other employment and retirement benefits, and has also incurred substantial emotional injuries as he continues to suffer embarrassment, humiliation, loss of reputation, loss of esteem within the community, emotional pain, and mental anguish and as a result has lost weight, lost sleep, wakes up in cold sweats, has severe bouts of anxiety, depression,

SECOND AMENDED COMPLAINT

nervousness, hyperventilation, insomnia, and the like. Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, increased appetite, social withdrawal, tearfulness, and anger.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

SECOND AMENDED COMPLAINT

## JURY TRIAL

159.   Plaintiff demands a jury trial of all triable issues of fact.

## PRAYER FOR RELIEF

THEREFORE, PLAINTIFF prays for judgment against the defendants, and each of them alleged herein, as follows:

I.   **AS AGAINST DEFENDANT COUNTY FOR THE FOLLOWING CAUSES OF ACTION**

**SECOND, FOURTH, AND FIFTH THROUGH TENTH**

1. For general and special damages, according to proof;

2. Loss of income incurred and to be incurred according to proof;

3. Loss of earning capacity according to proof;

4. For medical and related expenses according to proof;

5. For restitution of all monies due Plaintiff including, but not limited to, back pay, front pay, lost employment benefits, and other compensation according to proof;

6. For compensatory and other economic damages according to proof;

7. For prejudgment interest under *Cal. Civ. Code* §§ 3287 and 3288, and any other applicable statutory basis;

8. For attorney's fees and costs of suit under Code of Civ. Proc. § 1021.5, and/or as otherwise allowed by law;

9. For injunctive and declaratory relief, including an order enjoining all DEFENDANTS from such acts against their employees in the future;

10. For emotional distress; and

SECOND AMENDED COMPLAINT

11. For punitive damages as allowed by law to punish defendants and deter others from engaging in similar misconduct (**excluding causes of action Fifth through Tenth**);

12. For such other and further relief as the law provides or the Court may deem proper.

## II.   AS AGAINST DEFENDANT SBCSD FOR THE FOLLOWING CAUSES OF ACTION

### FIFTH THROUGH TENTH

1. For general and special damages, according to proof;

2. Loss of income incurred and to be incurred according to proof;

3. Loss of earning capacity according to proof;

4. For medical and related expenses according to proof;

5. For restitution of all monies due Plaintiff including, but not limited to, back pay, front pay, lost employment benefits, and other compensation according to proof;

6. For compensatory and other economic damages according to proof;

7. For prejudgment interest under *Cal. Civ. Code* §§ 3287 and 3288, and any other applicable statutory basis;

8. For attorney's fees and costs of suit under Code of Civ. Proc. § 1021.5, and/or as otherwise allowed by law;

9. For injunctive and declaratory relief, including an order enjoining all DEFENDANTS from such acts against their employees in the future;

10. For emotional distress; and

11. For such other and further relief as the law provides or the Court may deem proper.

SECOND AMENDED COMPLAINT

**III.    AS AGAINST DEFENDANT MCMAHON FOR THE FOLLOWING CAUSES OF ACTION**

**THIRD AND TENTH**

1.  For general and special damages, according to proof;

2.  Loss of income incurred and to be incurred according to proof;

3.  Loss of earning capacity according to proof;

4.  For medical and related expenses according to proof;

5.  For restitution of all monies due Plaintiff including, but not limited to, back pay, front pay, lost employment benefits, and other compensation according to proof;

6.  For compensatory and other economic damages according to proof;

7.  For prejudgment interest under *Cal. Civ. Code* §§ 3287 and 3288, and any other applicable statutory basis;

8.  For attorney's fees and costs of suit under Code of Civ. Proc. § 1021.5, and/or as otherwise allowed by law;

9.  For injunctive and declaratory relief, including an order enjoining all DEFENDANTS from such acts against their employees in the future;

10. For emotional distress; and

11. For punitive damages as allowed by law to punish defendants and deter others from engaging in similar misconduct (excluding causes of action Fifth through Tenth);

12. For such other and further relief as the law provides or the Court may deem proper.

//

//

//

SECOND AMENDED COMPLAINT

**IV.**   **AS AGAINST DEFENDANT DOES 1-5 FOR THE FOLLOWING CAUSES OF ACTION**

**FIRST, AND FIFTH THROUGH NINTH**

1.  For general and special damages, according to proof;

2.  Loss of income incurred and to be incurred according to proof;

3.  Loss of earning capacity according to proof;

4.  For medical and related expenses according to proof;

5.  For restitution of all monies due Plaintiff including, but not limited to, back pay, front pay, lost employment benefits, and other compensation according to proof;

6.  For compensatory and other economic damages according to proof;

7.  For prejudgment interest under *Cal. Civ. Code* §§ 3287 and 3288, and any other applicable statutory basis;

8.  For attorney's fees and costs of suit under Code of Civ. Proc. § 1021.5, and/or as otherwise allowed by law;

9.  For injunctive and declaratory relief, including an order enjoining all DEFENDANTS from such acts against their employees in the future;

10. For emotional distress; and

11. For punitive damages as allowed by law to punish defendants and deter others from engaging in similar misconduct (excluding causes of action Fifth through Tenth);

12. For such other and further relief as the law provides or the Court may deem proper.

SECOND AMENDED COMPLAINT

**V.    AS AGAINST DEFENDANT DOES 6-10 FOR THE FOLLOWING CAUSES OF ACTION**

**<u>FIRST, THIRD, AND FIFTH THROUGH TENTH</u>**

1. For general and special damages, according to proof;

2. Loss of income incurred and to be incurred according to proof;

3. Loss of earning capacity according to proof;

4. For medical and related expenses according to proof;

5. For restitution of all monies due Plaintiff including, but not limited to, back pay, front pay, lost employment benefits, and other compensation according to proof;

6. For compensatory and other economic damages according to proof;

7. For prejudgment interest under *Cal. Civ. Code* §§ 3287 and 3288, and any other applicable statutory basis;

8. For attorney's fees and costs of suit under Code of Civ. Proc. § 1021.5, and/or as otherwise allowed by law;

9. For injunctive and declaratory relief, including an order enjoining all DEFENDANTS from such acts against their employees in the future;

10. For emotional distress; and

11. For punitive damages as allowed by law to punish defendants and deter others from engaging in similar misconduct (excluding causes of action Fifth through Tenth);

12. For such other and further relief as the law provides or the Court may deem proper.

SECOND AMENDED COMPLAINT

DATED: September 10, 2018          **THE BLUE LAW GROUP**

                               /s/ Michael K. Blue
                               Michael K. Blue
                               Attorneys for Plaintiff
                               Dominic Ray Vargas

SECOND AMENDED COMPLAINT